MEMORANDUM **
Kevin J. Mirch appeals from the district court’s order dismissing his action brought under Sections 1 and 2 of the Sherman Anti-Trust Act, the Clayton Act, 42 U.S.C. § 1983, and various state laws. Mirch also appeals the order imposing sanctions under Federal Rule of Civil Procedure 11. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court’s dismissal. Holcombe v. Hosmer, 477 F.3d 1094, 1097 (9th Cir.2007). We review for abuse of discretion the district court’s sanction order. Holgate v. Baldwin, 425 F.3d 671, 675 (9th Cir.2005). We affirm.
The district court properly dismissed the federal claims for damages and the state law claims against defendants State Bar, Bare, and Christensen because they are immune under the Eleventh Amendment. See Ginter v. State Bar of Nevada, 625 F.2d 829, 830 (9th Cir.1980) (“[T]he Nevada State Bar Association, as an arm of the state, is not subject to suit under the Eleventh Amendment.”); see also Pena v. Gardner, 976 F.2d 469, 472 (9th Cir.1992) (concluding that Eleventh Amendment immunity extends to employees of the State Bar acting in their official capacities as agents of the state). Moreover, “the Sherman Act does not apply to ... the regulation of attorneys by a state supreme court.” Mothershed v. Justices of the Su *644 preme Court, 410 F.3d 602, 609 (9th Cir. 2005).
The district court properly determined that Mirch’s first amended complaint failed to allege sufficient facts to state a claim against defendants Beesely and Peck. See Sicor Ltd. v. Cetus Corp., 51 F.3d 848, 854-55 (9th Cir.1995) (describing the elements of a claim under Section 1 and 2 of the Sherman Act to include the allegation that the parties acted in concert with one another and affected interstate commerce or caused an antitrust injury); see also Dietrich v. John Ascuaga’s Nugget, 548 F.3d 892, 899-900 (9th Cir.2008) (to establish state action under § 1983 a plaintiff must allege facts showing that “[pjrivate persons were jointly engaged with state officials in the challenged action.”)
The district court properly declined to enjoin the state bar disciplinary proceedings on the basis of the abstention principles in Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). See Middlesex County Ethics Comm. v. Garden State BarAss’n, 457 U.S. 423, 434, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982) (concluding that, absent extraordinary circumstances, Younger abstention applies where: the state bar proceedings constitute an ongoing state judicial proceeding, the proceedings implicate important state interests, and there is an adequate opportunity to raise constitutional challenges); Hirsh v. Justices of Supreme Court of Cal., 67 F.3d 708, 713 (9th Cir.1995) (per curiam) (concluding that Younger abstention was appropriate where appellant faced ongoing state bar disciplinary proceedings when he brought suit in federal court).
The district court did not abuse its discretion by imposing sanctions on Mirch under Rule 11 because the complaint was baseless and Mirch failed to conduct a competent inquiry before signing it. See Holgate, 425 F.3d at 675-77.
Mirch’s remaining contentions are unpersuasive.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.